BLD-179                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4350
_____

ROBERT L. SMALL,

Appellant

v.

CHARLES WARREN; SUSAN LAWRENCE;
SGT. SALMON; J. GUNTER; RONALD CATTELL

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3:12-cv-07733)
District Judge: Honorable Peter G. Sheridan

_____

Submitted for Possible Dismissal for Jurisdictional Defect and
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 12, 2014

Before: AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed: March 4, 2014 )

_____

OPINION
_____

PER CURIAM

Robert Small, an inmate in a New Jersey prison, sued several prison officials relating to a dispute about his purchase of a television from the commissary. In short,[1] Small claimed that prison officials wrongly disallowed a return of a flat-screen television that he purchased from the commissary. He explained that he bought a new one only because he was told that his other television had to be sent home and sought to return the new one as soon as he learned that the old one had not been sent and before the new one was engraved with his name and number. He alleged that the defendants breached a duty of care and violated his rights under the Fifth and Fourteenth Amendments. The District Court screened his complaint under 28 U.S.C. § 1915A and dismissed it for failure to state a claim. At that time, the District Court also denied Small's motions for default judgment as moot.

Small appeals. We have jurisdiction over his appeal pursuant to 28 U.S.C. § 1291.[2] Our review is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Upon review, we will summarily affirm because no substantial issue is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

As the District Court explained, Small essentially asserts a claim for the deprivation of property without due process. He has a property interest in the funds he

---

[1] The District Court provided a detailed account of the allegations in the complaint; we will summarize.

[2] In his letter, dated September 10, 2013, to the District Court Clerk, Small evidenced an intention to appeal from the District Court's order within the allotted time period. See Fed. R. App. P. 4(a)(1)(A) & 3(c); 3d Cir. Local App. R. 4.3.

2

spent on the television, so he is entitled to due process with respect to the deprivation of those funds. See Reynolds v. Wagner, 128 F.3d 166, 179 (3d Cir. 1997). However, to the extent he alleged that he was deprived of his property by a mere lack of due care, he does not allege a deprivation within the meaning of the Due Process Clause. See Daniels v. Williams, 474 U.S. 327, 331 (1986).

Otherwise, under these circumstances, the requirements of due process are satisfied if the state provides a meaningful post-deprivation remedy for the loss. See Hudson v. Palmer, 468 U.S. 517, 533 (1984). In this case, Small had an adequate post-deprivation remedy through the prison's grievance procedure. See N.J. Admin. Code §§ 10A:1-4.1, 10A:1-4.4, & 10A:1-4.6; cf. Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000). He availed himself of this remedy, filing an Inmate Remedy System form, IRSF-101, five times, although the matter was addressed only once and the outcome was unfavorable to him. Furthermore, the New Jersey Tort Claims Act, N.J. Stat. Ann. § 59:1-1 *et seq.* may also provide him with a post-deprivation remedy. See Holman v. Hilton, 712 F.2d 854, 857 (3d Cir. 1983) (describing an available cause of action for prison officials' tortious acts in the performance of ministerial duties, while concluding that a now-repealed portion of the statute that barred such an action during incarceration deprived a prisoner of a protected property right).

For these reasons, the District Court properly dismissed his complaint on screening. The District Court's ruling that Small's motions for default judgment were

3

moot on the dismissal of the complaint was also proper. Accordingly, we will affirm the

District Court's judgment.